Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| JUAN CARLOS GONZÁLEZ ZAYAS<br><br>Recurrido<br><br>v.<br><br>LYDIA ALEXANDRA FULLANA MORALES<br><br>Peticionaria | KLCE202400368 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sobre: Divorcio<br><br>Caso Núm.: SJ2022RF01233 |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 21 de mayo de 2024.

Comparece ante nos la *Sra. Lydia Alexandra Fullana Morales* ("Fullana Morales o peticionaria"), mediante el presente recurso de *certiorari* para solicitar la revocación de la *Resolución* dictada el 8 de febrero de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de San Juan ("TPI"). Allí, resolvió que el descubrimiento de prueba había terminado, denegando la entrega de unas cuentas bancarias solicitadas por la peticionaria; sin embargo, ordenó a ésta a entregar unas certificaciones al recurrido como parte del descubrimiento .[2]

Perfeccionado el recurso, procedemos a **expedir y modificar** la *Resolución* recurrida. **Veamos.**

**-I-**

El **28 de septiembre de 2022**, el *Sr. Juan Carlos González Zayas* ("González Zayas o recurrido") presentó *Demanda de Divorcio por Ruptura Irreparable.[3]* Surge de la demanda que las partes de epígrafe se casaron bajo el régimen económico de la Sociedad Legal

---

[1] Notificada el mismo día.
[2] Apéndice XCII el *Certiorari,* págs. 439-440.
[3] Apéndice I del *Certiorari,* págs. 1-9.

de Gananciales y procrearon dos hijos.[4] En respuesta, el **13 de octubre de 2022**, la peticionaria presentó su *Contestación a la Demanda y Reconvención*.[5] Adujo que tenía reservas en cuanto a una custodia compartida, si el recurrido continuaba haciendo a sus hijos partícipe de este divorcio y socavando su autoridad como madre.[6]

Como parte del descubrimiento de prueba, el **21 de octubre de 2022** la parte recurrida le envió por correo electrónico a la peticionaria una solicitud de producción de documentos;[7] además, el **24 de octubre de 2022**, el señor González Zayas presentó *Contestación a Reconvención*.[8] Por su parte, el **26 de octubre de 2022**, la señora Fullana Morales presentó una *Moción al Expediente Judicial* notificando que ese mismo día le cursó al recurrido una *Producción de Documentos*,[9] en pos de dicho descubrimiento.

Surge del *Informe de la Examinadora de Pensiones Alimentarias*, que el **4 de noviembre de 2022** se celebró una vista mediante videoconferencia donde se estableció una **pensión provisional** de $2,000.00 mensuales. Así, la Lcda. Eva Dolores Vives Figueroa, Examinadora de Pensiones Alimentarias ("EPA"), señaló una vista (mediante comparecencia remota) para el estado de los procedimientos el 27 de enero de 2023; y además, fijó una vista en sus méritos de forma presencial para el 2 de febrero de 2023.[10]

La *Resolución* atendiendo el informe se notificó el **9 de noviembre de 2022**.[11] Ese mismo día, la peticionaria presentó una *Moción en Torno a Expresiones Vista Examinadora de Pensiones Alimentarias*.[12]

---

[4] *Íd.*, pág. 2.
[5] Apéndice II del *Certiorari*, págs. 10-17.
[6] *Íd.*, pág. 16.
[7] Apéndice I de la Oposición, pág. 1.
[8] Apéndice VI del *Certiorari*, págs. 34-38.
[9] Apéndice VII del *Certiorari*, pág. 39.
[10] Apéndice IX del *Certiorari*, págs. 50-51.
[11] Apéndice XI del *Certiorari*, págs. 53-55.
[12] Apéndice XIII del *Certiorari*, págs. 58-60.

El **22 de noviembre de 2022**, el TPI dictó *Sentencia* de divorcio,[13] concediendo a la peticionaria la custodia provisional sobre los dos menores y otorgando la patria potestad compartida.[14]

El **19 de enero de 2023**, la representación legal del recurrido le cursó un correo electrónico a la representación legal de la peticionaria dando seguimiento al intercambio de documentos del descubrimiento de prueba, pero esta última estaba fuera de Puerto Rico.[15] Por su parte, el **20 de enero de 2023** la peticionaria presentó una moción sometiendo los costos de las escuelas de sus hijos y su *Planilla de Información Personal y Económica.*[16]

Posteriormente, el **25 de enero de 2023**, el señor González Zayas solicitó transferencia de la vista en sus méritos del 27 de enero de 2023, para el 2 de febrero de 2023.[17]

En la fecha del **2 de febrero de 2023**, la señora Fullana Morales presentó una *Urgente Moción Vencimiento de Pago de Escuela Robinson Mañana.* En síntesis, informó que el recurrido le regaló a su hijo un vehículo *Grand Cherokee* nuevo, pero no había pagado la matrícula de la hija menor y solicitó que se le ordenara a efectuar dicho pago.[18]

En la misma fecha —2 de febrero de 2023—, se celebró la vista de fijación de pensión alimentaria, vía videoconferencia, ante la EPA. Surge del *Acta* del **10 de febrero de 2023** que las partes presentarían el *Informe para el manejo del caso* en o antes del 18 de abril de 2023, mientras continuaban con el descubrimiento de prueba. La EPA señaló una vista sobre el estado de los procedimientos para el 28 de marzo de 2023 y la conferencia con antelación a juicio para el 20 de abril de 2023.[19]

---

[13] Notificada el 23 de noviembre de 2022.
[14] Apéndice XIV del *Certiorari,* págs. 61-63.
[15] Apéndice II de la Oposición, págs. 2-4.
[16] Apéndice XV del *Certiorari,* págs. 64-77.
[17] Apéndice XVI del *Certiorari,* págs. 78-80.
[18] Apéndice XVIII del *Certiorari,* págs. 83-94.
[19] Apéndice XXIV del *Certiorari,* págs. 112-113.

El **6 de marzo de 2023**, notificada al día siguiente, el TPI dictó una *Sentencia* con el plan de custodia compartida, acogiendo las recomendaciones del Informe de la Unidad Social.[20]

El **21 de marzo de 2023**, la representación legal de la peticionaria le cursó una *Comunicación de Esfuerzo Razonable* a la representación legal del recurrido, solicitando que se proveyeran los documentos faltantes de la producción documentos #1. En específico, estados bancarios incompletos, tarjetas de créditos no identificadas, copia del *credit report* y estados de cuenta de ahorros incompletos.[21]

Así, el **28 de marzo de 2023** se celebró —mediante videoconferencia— la vista de estados de los procedimientos para fijar la pensión alimentaria ante la EPA, reducida a escrito el 19 de abril de 2023.[22] Entre otras cosas, surge del *Acta* que la representante legal del recurrido se comprometió para el 11 de abril de 2023 entregar la documentación requerida por la peticionaria. Por su parte, la abogada de la peticionaria informó que estaría cursando un requerimiento de documentos adicionales al recurrido. Por último, se señaló la conferencia con antelación al juicio para el 22 de junio de 2023.[23]

El **15 de mayo de 2023**, la señora Fullana Morales presentó una *Moción en Torno a Descubrimiento de Prueba; Moción Solicitando Desacato; Moción de Seguimiento a Pruebas de Alcohol*.[24] En lo pertinente a esta controversia, solicitó al TPI que ordenara a la parte recurrida a entregar los documentos solicitados en la comunicación del 21 de marzo de 2023, la cual anejó a dicha moción.

Por su lado, el **21 de junio de 2023**, el señor González Zayas presentó una *Urgente Moción en Solicitud de Suspensión de Vista*. En

---

[20] Apéndice XXVI del *Certiorari*, págs. 122-126.
[21] Apéndice XCVI del *Certiorari*, págs. 453-455.
[22] Apéndice XXIX del *Certiorari*, págs. 129-130.
[23] *Íd.,* pág. 130.
[24] Apéndice XXV del *Certiorari*, págs. 114-121.

resumen, adujo que el descubrimiento de prueba no había terminado.[25]

El **22 de junio de 2023**, la peticionaria presentó una *Moción Solicitando Orden al Amparo de la Patria Potestad*. En síntesis, solicitó que se ordenara al recurrido a someter copia de los estados de las cuentas de banco de los menores a la peticionaria.[26]

El **3 de agosto de 2023**, la representación legal del recurrido le cursó a la representación legal de la peticionaria una segunda solicitud de producción de documentos.[27]

El **7 de agosto de 2023**, la peticionaria hace constar que, de los documentos remitidos vía correo electrónico el 18 de julio de 2023 por el recurrido, faltaba información referente a cuentas y estados bancarios, ingresos, dividendos, corporaciones y tarjetas de créditos, entre otros.[28]

En consecuencia, el **15 de agosto de 2023**, la peticionaria radicó una *Moción Sometiendo Documentos e Informando Entrega de Documentos del Demandante Incompletos del Sr. Juan C. González Zayas.*[29] Entre otro, reitera que el recurrido no ha sometido copia de los estados de las cuentas de banco de los menores.

Ante el incumplimiento del recurrido, el **25 de agosto de 2023**, la señora Fullana Morales radicó una *Moción Solicitando Desacato*, mediante la cual solicitó copia de las cuentas de los dos menores so pena de desacato.[30] Además, ese mismo día, la peticionaria presentó una *Moción Solicitando Sanciones Por Incumplimiento Descubrimiento Prueba.*[31] En síntesis, reitera el incumplimiento del recurrido con el descubrimiento de prueba, por lo que solicita sea sancionado.

---

[25] Apéndice XXXII el *Certiorari*, págs. 132-134.
[26] Apéndice XXXIII el *Certiorari*, págs. 135-136.
[27] Apéndice III de la Oposición, págs. 5-9.
[28] Apéndice LXII, Anejo I, del *Certiorari*, pág. 223-225.
[29] Apéndice XLI el *Certiorari*, págs. 150-157.
[30] Apéndice XLII el *Certiorari*, págs. 158-160.
[31] Apéndice XLIII el *Certiorari*, págs. 161-163.

En lo pertinente, el **28 de agosto de 2023**, notificada al día siguiente, el TPI le concedió veinte (20) días al recurrido para expresarse con respecto a la moción sobre sanciones.[32] Con relación a la moción de desacato de la peticionaria, el TPI dictó una orden para que el recurrido cumpliera en diez (10) días con lo ordenado.[33]

No obstante, el **28 agosto de 2023** el señor González Zayas presentó su *Réplica Contra Solicitud para que Demandada Fiscalice Cuenta.* para que la peticionaria fiscalizara cuentas en la misma fecha.[34] Al día siguiente, la señora Fullana Morales presentó su oposición como *Dúplica a Réplica.*[35]

El **30 de agosto de 2023**, el señor González Zayas presentó una *Moción Informativa Adjuntando Evidencia.*[36] En síntesis, anejó evidencia provista por la peticionaria como parte del descubrimiento de prueba.

El **31 de agosto de 2023**, la EPA celebró —mediante videoconferencia— la vista de conferencia con antelación al juicio para fijar la pensión alimentaria.[37] En resumen, surge del Acta de la vista que las partes se encontraban en el descubrimiento de prueba e intercambiando ofertas de posibles acuerdo. Además, la próxima vista quedó señalada para el 7 de septiembre de 2023.

El **5 y 6 de septiembre de 2023**, la peticionaria presentó sendas mociones: una *Moción Solicitando Entrega Inmediata de Estados Bancarios de Menores*;[38] y otra, *Réplica a Moción Informativa Adjudicando Evidencia y en Solicitud de Orden.*[39] En síntesis, reitera el incumplimiento del recurrido con la entrega de los estados bancarios de los menores y la falta de información financiera de este

---

[32] Apéndice LXIX del *Certiorari*, pág. 176.
[33] Apéndice XLVIII del *Certiorari*, pág. 175.
[34] Apéndice XLVI del *Certiorari*, págs. 170-172.
[35] Apéndice XLVII del *Certiorari*, págs. 173-174.
[36] Apéndice LX del *Certiorari*, págs. 177-216.
[37] Apéndice LXIV del *Certiorari*, págs. 301-302.
[38] Apéndice LXI del *Certiorari*, pág. 217.
[39] Apéndice LXII, Anejos I-IV del *Certiorari*, págs. 218-299.

solicitadas en las comunicaciones del 21 de marzo de 2023 y 7 de agosto de 2023.

El **7 de septiembre de 2023**, se celebró una vista en la que se fijó una pensión provisional alimentaria, por lo cual, la EPA emitió el *Informe de la Examinadora de Pensiones Alimentarias*.[40] En consecuencia, el TPI dictó una *Resolución* el **15 de septiembre de 2023**,[41] en la cual, se le impuso al señor González Zayas la obligación de seguir pagando la pensión provisional de $2,000.00 mensuales. Además, se le impuso a cada parte el 50 % de los gastos de educación, médicos y otros. Finalmente, se le apercibió a las partes a culminar el descubrimiento de prueba al 30 de junio de 2023 [sic].[42]

Así, el **27 de septiembre de 2023** la señora Fullana Morales presentó la *Tercera Moción Solicitando Entrega de Estados Bancarios Cuenta de Menores*.[43]

Más adelante, el **2 de octubre de 2023**, el TPI celebró una vista—mediante videoconferencia— en la que se atendió varios asuntos, entre ellos, los estados bancarios de los menores que el recurrido no había entregado.[44] Ese mismo día, se dictó una *Resolución*,[45] denegando la solicitud de la señora Fullana Morales sobre los estados bancarios de la cuenta que el recurrido abrió para los menores.[46]

El **8 de noviembre de 2023**, la peticionaria radicó una *Moción al Expediente Judicial* acompañando su Planilla de Información Personal y Económica, e informando la entrega de la misma a la parte recurrida.[47]

---

[40] Apéndice LXV del *Certiorari*, págs. 303-304.
[41] Notificada el 18 de septiembre de 2023.
[42] Apéndice LXVI el *Certiorari*, págs. 306-308. Valga destacar que hay un error en el año cuando dice 2023.
[43] Apéndice LXVIII el *Certiorari*, págs. 314-315.
[44] Apéndice IV de la Oposición, págs. 14-15.
[45] Notificada el 3 de octubre de 2023.
[46] Apéndice LXIX el *Certiorari*, págs. 316-317.
[47] Apéndice LXXII el *Certiorari*, págs. 321-328.

El **9 de noviembre de 2023**, las partes radicaron una moción conjunta intitulada: *Moción Informando Estipulaciones y Controversias para la Vista ante la EPA*. En resumen, fijaron ciertas estipulaciones y documentos. También, indicaron como controversia el ingreso de cada progenitor; además, detallaron la prueba a presentar en la vista final.[48]

En la misma fecha del **9 de noviembre de 2023**, la EPA celebró una vista para la discusión del Informe para el Manejo del Caso. Surge del Acta, que fue estipulada por las partes prueba documental y la *Moción Informando Estipulaciones y Controversias para la Vista ante la EPA.* Además, se señaló una vista para los días 19 y 26 de enero de 2024.[49]

En pos del descubrimiento de prueba, el **1 de diciembre de 2023**, la peticionaria presentó una *Moción Sometiendo para ser Usada como Evidencia y ser Añadida a Informe para la Examinadora de Pensiones Alimentaria*, en la que anejó la tasación de la residencia familiar.[50] Además, el **8 de diciembre de 2023** la peticionaria radicó una *Moción al Expediente Judicial* haciendo constar que el día 6 de diciembre de 2023 su representación legal hizo otro esfuerzo razonable mediante correo electrónico para que el recurrido le provea copia de los estados bancarios.[51] Al no obtener respuesta, el **18 de diciembre de 2023** la peticionaria instó una *Moción Solicitando Orden*. En síntesis, informó al TPI que desde el 21 de marzo de 2023 le cursó al recurrido comunicación para que proveyera cierta información relacionado a estados de cuentas bancarios y de tarjetas de créditos, sin que a esa fecha los haya entregado. Puntualizó que el 6 de diciembre de 2023 le cursó una carta a la abogada del recurrido sobre dichos estados de bancos.[52]

---

[48] Apéndice LXXIII del *Certiorari*, págs. 329-333.
[49] Apéndice LXXV del *Certiorari*, pág. 335.
[50] Apéndice LXXVI del *Certiorari*, pág. 336-358.
[51] Apéndice LXXVII del *Certiorari*, págs. 359-360.
[52] Apéndice LXXVIII del *Certiorari*, págs. 361-364.

En respuesta, **19 de diciembre de 2023** el TPI notificó una orden expresando: *"Cúmplase con lo solicitado"*.[53]

Ante el incumplimiento con lo antes ordenado, el **17 de enero de 2024** la peticionaria presentó nuevamente una *Moción Reiterando por Tercera Ocasión Necesidad de Estados Bancarios*.[54] En síntesis, informó que el recurrido no le había sido entregado copia de entradas faltantes del estado bancario BPPR con núm. final 6317, que resultaban indispensable para la vista de fijación de pensión alimentaria pautada para los días 19 y 26 de enero de 2024.[55]

No obstante, el **19 de enero de 2024** la EPA, a solicitud de la parte recurrida,[56] dictó Orden dejando sin efecto la vista de ese día. Dejó vigente la vista del 26 de enero de 2024 y añadió otra vista para el 26 de abril de 2024.[57]

El **22 de enero de 2024**, la parte recurrida solicitó y obtuvo un término para replicar a las mociones de la peticionaria para que el recurrido entregara información bancaria.[58] Así el **24 de enero de 2024**, el recurrido presentó una *Moción en Réplica a Solicitudes de la Demandada Sobre el Descubrimiento de Prueba*.[59] En síntesis, adujo que todos los estados bancarios —excepto Oriental Bank—le haya fueron provistos a la peticionaria. También, alegó que se le habían entregado toda la información de sus tarjetas de créditos, excepto las tarjetas de créditos corporativas de la empresa para la cual trabajaba. En cuanto a la cuenta bancaria de Oriental, aceptó que se debía continuar el descubrimiento de prueba, sujeto a que la peticionaria entregara evidencia de tarjeta de crédito que usa para los gastos de los menores; tampoco ha entregado evidencia de los

---

[53] Apéndice LXXIX del *Certiorari*, pág. 365.
[54] Apéndice LXXX del *Certiorari*, págs. 366-367.
[55] Apéndice LXXXI del *Certiorari*, págs. 368-372.
[56] Apéndice LXXII del *Certiorari*, págs. 373-374.
[57] Apéndice LXXXIII del *Certiorari*, pág. 375.
[58] Apéndice LXXXIV y LXXXV del *Certiorari*, págs. 376-378.
[59] Apéndice LXXXVII del *Certiorari*, págs. 380-385.

beneficios que recibe del fideicomiso que estás a su nombre y de la renta del apartamento en Dorado. Así, solicitó que diera por concluido el descubrimiento de prueba.[60]

El **25 de enero de 2024** el TPI notificó que refería la *Moción en Réplica a Solicitudes de la Demandada Sobre el Descubrimiento de Prueba* del recurrido a la EPA.[61] Además, notificó a los abogados de las partes a una vista mediante videoconferencia para atender controversias sobre descubrimiento de prueba a celebrarse el **8 de febrero de 2024**.[62]

El **26 de enero de 2024**, la EPA notificó una Orden en la que recomendó al TPI a que señalara una vista para emitir órdenes necesarias para concluir con el descubrimiento de prueba, y que, ordenara a la peticionaria presentar una certificación de los desembolsos recibidos durante los últimos tres (3) años del fideicomiso del que ella es beneficiaria.[63]

El **7 de febrero de 2024**, la señora Fullana Morales presentó una *Dúplica a "Moción en Réplica a Solicitudes de la Demandada Sobre Descubrimiento de Prueba"; Solicitud a su Vez de Órdenes*.[64] En síntesis, adujo que el fideicomiso del cual es beneficiaria es un ente independiente regido por la Ley Núm. 219-2012 de Fideicomisos de P.R., por lo que de requerirse los beneficios recibidos, solicita a su vez, que el recurrido someta certificación de todas las tarjetas de créditos de las entidades para las que trabaja: *Ramhil Developers, Inc.; Carhil Developers, Inc.; Vicar Builders Developers, Inc.; y, Pez Vela Management, Inc.* Tampoco ha recibido copia de las siguientes tarjetas de créditos del recurrido — Oriental/4514, BPPR/3900, BPPR/7217— que surgen de la Planilla de Información Personal y Económica de éste. En fin, en los párrafos

---

[60] *Íd.*, pág. 383.
[61] Apéndice LXXXVIII del *Certiorari*, pág. 386.
[62] Apéndice LXXXIX del *Certiorari*, pág. 387.
[63] Apéndice XC del *Certiorari*, págs. 388-389.
[64] Apéndice XCI el *Certiorari*, págs. 390-437.

10, 11, 12, 13 y 14 solicitó el descubrimiento de los estados bancarios PMA de los años 2021 – 2022; estados mensuales de tarjetas de créditos Visa y/o Master Card 2021 -2023; estado de tarjeta de crédito Oriental Bank #5747...; toda tarjeta corporativa asignada al recurrido; y, un informe de crédito del recurrido.[65]

El **8 de febrero de 2024**, el TPI celebró una vista sobre el descubrimiento de prueba. Luego de escuchar a las partes,[66] emitió una *Resolución y Orden*, en la que resolvió: *"No se permitirá el descubrimiento de prueba adicional"*. No obstante, ordenó a la peticionaria a proveer una certificación de los desembolsos recibidos durante los últimos tres (3) años del fideicomiso del que es beneficiaria.[67]

Ante ello, el **12 de febrero de 2024**, la peticionaria solicitó la regrabación de la vista.[68] Insatisfecha, el **23 de febrero de 2024**, la peticionaria presentó una *Moción de Reconsideración al Amparo de la Regla 47 y Moción Solicitando Determinaciones de Hecho y Conclusiones de Derecho al Amparo de la Regla 43.1, Ambas de las Reglas de Procedimiento Civil Vigentes*.[69] En síntesis, adujo que los bienes o derechos fideicomitidos constituyen un patrimonio autónomo y separado de los patrimonios personales.[70]

El **28 de febrero de 2024**, el TPI notificó una *Orden*, mediante la cual declaró No Ha Lugar la moción de reconsideración.[71]

Insatisfecha, el **1 de abril de 2024**, la señora Fullana Morales acudió ante esta Curia e imputó la comisión de los siguientes errores:

---

[65] *Íd.*, págs. 395-396.
[66] Véase la Minuta de la vista sobre descubrimiento de prueba. Apéndice XCV del *Certiorari*, pág. 443.
[67] Apéndice XCII el *Certiorari*, págs. 439-440.
[68] Apéndice XCIV el *Certiorari*, págs. 441-442.
[69] Apéndice XCVI el *Certiorari*, págs. 444-455.
[70] *Íd.*, pág. 451.
[71] Apéndice XCVII el *Certiorari*, pág. 456.

*PRIMER ERROR: ERRÓ EL "TPI" AL NO ATENDER CON PREMURA LAS MOCIONES DE LA PETICIONARIA RESPECTO AL DESCUBRIMIENTO DE PRUEBA.*

*SEGUNDO ERROR: ERRÓ EL "TPI" AL IGNORAR LOS ESFUERZOS RAZONABLES ACREDITADO POR LA PETICIONARIA (CONFORME EXIGIDO POR LA REGLA 34 (32 LPRA AP. V).*

*TERCER ERROR: ERRÓ EL "TPI" AL NO ORDENAR AL RECURRIDO A ENTREGAR LOS ESTADOS DE BANCO DE LOS AÑOS 2021 Y 2022, BANCO POPULAR DE PUERTO RICO CTA. #6317, EL INFORME CREDITICIO ("CREDIT REPORT"), ESTADOS MENSUALES DE TARJETAS DE CRÉDITO DE ORIENTAL BANK #3-4514, BANCO POPULAR DE PUERTO RICO 3-3900, BANCO POPULAR DE PUERTO RICO 2-7217.*

*CUARTO ERROR: ERRÓ EL "TPI" AL DICTAR ORDEN A LA PARTE PETICIONARIA, SIN MÁS RESPECTO A UN FIDEICOMISO.*

El **18 de abril de 2024**, el señor González Zayas presentó su oposición al *Certiorari.*

-II-

-A-

Sabido es que el auto de *certiorari* constituye *"un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior".*[72] Por discreción se entiende el *"tener poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción".*[73] En ese sentido, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que este foro habrá de atender y revisar mediante este recurso las resoluciones y órdenes emitidas por los tribunales de primera instancia, a saber:

*[e]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios*

---

[72] *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009).
[73] *García v. Asociación,* 165 DPR 311, 321 (2005).

*evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.*

*Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.*[74]

Con el fin de que podamos ejercer de una manera sabia nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante este recurso, nuestros oficios se encuentran enmarcados, a su vez, en la Regla 40 del Reglamento del Tribunal de Apelaciones.[75] Esta Regla 40 adquiere mayor relevancia en situaciones en las que, de ordinario, no están disponibles otros métodos alternos para la revisión de determinaciones judiciales y así evitar un fracaso de la justicia.[76] Por lo cual, debemos tomar en consideración los siguientes criterios que dicha Regla 40 establece; a saber:

*(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
*(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
*(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
*(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
*(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
*(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
*(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

**-B-**

En cuanto a los mecanismos para llevar a cabo el descubrimiento de prueba se ha establecido que deben realizarse de

---

[74] 32 LPRA Ap. V, R. 52.1.
[75] 4 LPRA Ap. XXII-B, R. 40
[76] *IG Builders et al. v. BBVAPR,* supra, pág. 339.

forma amplia y liberal.[77]   Lo anterior tiene como propósito facilitar la tramitación de pleitos, evitando, al mismo tiempo, que se cometan injusticias cuando las partes desconocen sobre situaciones pertinentes a las controversias.[78]

Como principio básico, "*las partes tienen derecho a descubrir toda la información relacionada con su caso, independientemente de quién la posea.*"[79]   Por tanto, la Regla 23.1 de Procedimiento Civil dispone lo siguiente:

> *El alcance del descubrimiento de prueba, a menos que sea limitado de algún modo por el tribunal, en conformidad con las disposiciones de estas reglas, será como sigue:*
>
> *(a) En general. Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluso la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles, y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible.[80]*

Por otro lado, solo se han señalado dos limitaciones al descubrimiento de prueba: **(a)** que la información objeto del descubrimiento no sea privilegiada, y **(b)**, que la misma sea pertinente a la controversia.[81]   A tono con lo anterior, para que una materia sea objeto de descubrimiento "*basta con que exista una posibilidad razonable de que tenga relación con el asunto en controversia.*"[82]

Por su parte, se ha apuntalado la amplia discreción del TPI "*para proteger a las partes u a otras personas objeto del descubrimiento de hostigamiento, perturbación u opresión, así como*

---

[77] Véase, *Rivera y Otros v. Banco Popular,* 152 DPR 140 (2000); *Alvarado v. Alemany*; 157 DPR 672 (2002).
[78] *Id.*
[79] *Rivera y Otros v. Banco Popular,* supra, pág. 152.
[80] 32 LPRA Ap. V, R. 23.1.
[81] Véase, *Rivera y Otros v. Banco Popular,* supra, pág. 153; *Alvarado v. Alemany*, supra, pág. 683; *General Electric v. Concessionaries*, Inc., supra, pág. 39.
[82]  *General Electric v. Concessionaries,* Inc., 118 DPR 32, 41 (1986).

*de cualquier gasto o molestia indebida.*"[83]  Lo anterior responde a la obligación del foro primario *"de garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes."*[84] Por consiguiente, no se interfiere con el foro primario en el ejercicio de sus facultades discrecionales *"excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo."*[85]

Ahora bien, de ocurrir alguna controversia en torno al descubrimiento, la Regla 34.1 dispone que:

> *Cuando surja una controversia en torno al descubrimiento de prueba, el tribunal solo considerará las mociones que contengan una certificación de la parte promovente en la que indique al tribunal en forma particularizada que ha realizado esfuerzos razonables, con prontitud y de buena fe, para tratar de llegar a un acuerdo con el abogado de la parte adversa para resolver los asuntos que se plantean en la moción y que éstos han resultado infructuosos.*[86]

**-III-**

La peticionaria nos plantea cuatro (4) errores, que se sintetizan en que el TPI incidió al culminar abruptamente el descubrimiento de prueba sin ordenar al recurrido a entregar la prueba solicitada a ser considerada para la fijación de la pensión alimentaria. Tiene razón.

**En primer orden**, la evidencia solicitada por la peticionaria es una pertinente y necesaria para determinar los ingresos del señor González Zayas en la fijación de la pensión alimentaria de sus dos hijos menores. Nótese, que la obligación de ambos padres de alimentar a sus hijos menores de edad es parte al derecho a la vida consagrado en la Sec. 7 del Artículo II de la Constitución del Estado

---

[83] 32 LPRA Ap. V, R. 23.2.
[84] *Rivera y Otros v. Banco Popular,* supra, en la pág. 154.
[85] *Id,* pág. 155.
[86] 32 LPRA Ap. V, R. 34.1.

Libre Asociado de Puerto Rico,[87] por lo que los casos de alimentos de menores están revestidos del más alto interés público.[88] Esta obligación emana de la relación filial y se origina desde el momento en que la paternidad o maternidad queda legalmente establecida.[89]

**En segundo orden**, el 19 de diciembre de 2023 esta controversia fue resuelta por el TPI cuando notificó la **orden expresando:** *"Cúmplase con lo solicitado"*,[90] en respuesta de la *Moción Solicitando Orden*[91] presentada por la señora Fullana Morales el 18 de diciembre de 2023, en donde reiteró que desde el 21 de marzo de 2023 le cursó al recurrido una comunicación para que brindara los estados de cuentas bancarios y de tarjetas de créditos, que hoy son objeto de este recurso. Todavía más, —y ante el incumplimiento del recurrido— el 17 de enero de 2024 la peticionaria presentó nuevamente una *Moción Reiterando por Tercera Ocasión Necesidad de Estados Bancarios*.[92]

**Aun cundo la orden anterior había advenido firme**, el **22 de enero de 2024**, el señor González Zayas **solicitó y obtuvo** un término para replicar a las mociones de la peticionaria solicitando las cuentas bancarias y las tarjetas de crédito.[93] Es decir, contradictoriamente el TPI acogió dicha réplica aunque el 19 de diciembre de 2023 le había ordenado al recurrido a cumplir con lo solicitado por la señora Fullana Morales. Peor aún, cuando el **24 de enero de 2024**, el recurrido presentó la *Moción en Réplica a Solicitudes de la Demandada Sobre el Descubrimiento de Prueba*,[94] el foro *a quo* no atendió la misma y la refirió a la atención de la EPA.[95]

**En tercer orden**, luego de celebrar una vista sobre el

---

[87] LPRA, Tomo I.
[88] *Díaz Ramos v. Matta Irizarry*, 198 DPR 916, 927 (2017).
[89] *Fonseca Zayas v. Rodríguez Meléndez,* 180 DPR 623, 632-633 (2011).
[90] Apéndice LXXIX del *Certiorari*, pág. 365.
[91] Apéndice LXXVIII del *Certiorari*, págs. 361-364.
[92] Apéndice LXXX del *Certiorari*, págs. 366-367.
[93] Apéndice LXXXIV y LXXXV del *Certiorari*, págs. 376-378.
[94] Apéndice LXXXVII del *Certiorari*, págs. 380-385.
[95] Apéndice LXXXVIII del *Certiorari*, pág. 386.

descubrimiento de prueba el **8 de febrero de 2024**.[96] el TPI emitió la escueta *Resolución y Orden,* aquí recurrida, en la que abruptamente dio por terminado el descubrimiento de prueba y ordenó a la peticionaria a entregar la certificación de los desembolsos recibidos durante los últimos tres (3) años del fideicomiso del cual es beneficiaria.[97] Sin embargo, el foro *a quo* guardó silencio en cuanto a su determinación de no conceder la solicitud de descubrimiento de prueba de las referidas cuentas bancarias y tarjetas de crédito del recurrido.

Tal actuación es un abuso de discreción, ya que la entrega de los estados bancarios y tarjetas de créditos del señor González Zayas había sido ordenado por el propio TPI desde el 19 de diciembre de 2023. Tampoco resulta razonable el culminar abruptamente el descubrimiento de prueba sin ordenar al recurrido a entregar la prueba solicitada en las reiteradas mociones que la señora Fullana Morales presentó una y otra vez sin resultados positivos.

En virtud de lo antes expuesto, procedemos a modificar la Resolución y Orden recurrida a los <u>únicos fines</u> de permitir que la siguiente prueba sea entregada a la peticionaria; a saber:

- Estados mensuales de la cuenta con núm. final ...6317 para los años 2021 y 2022 del BPPR.
- Informe crediticio ("credit report") de Equifax y Trans Union;
- Estados mensuales de tarjetas de crédito: Oriental Bank #3-4514, BPPR #3-3900, BPPR #2-7217.[98]

Cabe destacar que no procede la solicitud de la peticionaria sobre los estados bancarios de los menores que el recurrido no había

---

[96] Apéndice LXXXIX del *Certiorari*, pág. 387. Cabe añadir que el 7 de febrero de 2024, la peticionaria presentó una *Dúplica a "Moción en Réplica a Solicitudes de la Demandada Sobre Descubrimiento de Prueba"; Solicitud a su Vez de Órdenes.* Véase, el Apéndice XCI el *Certiorari*, págs. 390-437.

[97] Apéndice XCII el *Certiorari*, págs. 439-440.

[98] No procede el descubrimiento de prueba sobre los estados bancarios de tarjetas de crédito: Citibank y American Express en las que el recurrido no identificó los números, ya que no surge del expediente que la peticionaria haya solicitado los mismos al TPI.

entregado, ya que en la vista celebrada el **2 de octubre de 2023**,[99] el TPI dictó una *Resolución*,[100] (final y firme), en la que denegó la solicitud de la señora Fullana Morales sobre dichos estados bancarios.[101]

Así modificada, se confirma la Resolución y Orden recurrida.

**-IV-**

Por los fundamentos antes expuestos, se **expide** el *auto* de *certiorari* solicitado para **modificar** la Resolución y Orden recurrida en cuanto a permitir la entrega a la parte peticionaria de la prueba arriba indicada; así, se **confirma**.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[99] Apéndice IV de la Oposición, págs. 14-15.
[100] Notificada el 3 de octubre de 2023.
[101] Apéndice LXIX el *Certiorari*, págs. 316-317.